THOMAS P. O'BRIEN
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (No. 144524)
Assistant United States Attorney
Chief, Environmental Crimes Section
    1300 U.S. Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536
    Email: joseph.johns@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-08-659-FMO |
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT FOR DEFENDANT TACOS DE MEXICO, INC. |
| v/ | |
| TACOS DE MEXICO, INC., | |
| Defendant. | |

    Defendant TACOS DE MEXICO, INC., by its undersigned officer and through its attorney Richard M. Steingard, and the United States Attorney's Office for the Central District of California ("the USAO") hereby enter into this Deferred Prosecution Agreement ("the Agreement"). Except as specifically provided below, the Agreement shall be in effect for a period of one year from the date it is fully executed ("the Agreement period").

    1.   TACOS DE MEXICO, INC. (hereinafter, "the Company"), accepts and acknowledges responsibility for the acts of its employees and/or agents that constitute a misdemeanor violation of the federal Clean Water Act, 33 U.S.C. §§ 1311(a) and

1319(c)(1)(A), for negligently discharging pollutants into navigable waters of the United States.

2. The Company accepts and acknowledges responsibility for the conduct described above as set forth in the Factual Statement attached hereto and incorporated by reference herein as Appendix A (hereinafter, "Factual Statement").

3. The Company expressly agrees that it shall not publicly deny any statement of fact contained in the Factual Statement. The decision of whether any statement by any agent or employee of the Company contradicting a fact contained in the Factual Statement will be imputed to the Company for the purpose of determining whether the Company has breached this Agreement shall be in the sole and reasonable discretion of the USAO. Upon the USAO's notification to the Company of a public statement by any agent or employee of the Company that in whole or in part contradicts a statement of fact contained in the Factual Statement, the Company may avoid breach of this Agreement by publicly repudiating such statement within 48 hours after notification by the USAO. The Company may take good faith positions in litigation involving any private party.

4. Within the first thirty days of the Agreement period, the Company shall perform an internal audit to identify the grease and oil waste handling practices at its restaurants ("Facilities"). Within the first thirty days of the Agreement period, the Company shall identify and implement standard operating procedures and practices to ensure that grease and oil waste are handled and disposed at its Facilities in compliance with local and state laws and regulations. Within the first thirty days of the Agreement period, the Company shall prepare a summary or report detailing the findings of the internal audit and the standard operating procedures and practices that are to be implemented at its Facilities.

5. Within sixty days of execution of this Agreement, the Company's Facilities located within the Central District of California shall be subject to inspection by the Los Angeles County Department of Public Works ("the LADPW"). The inspections shall be specific to the grease and oil handling practices and compliance (hereinafter, "the grease and oil waste management practices") at each Facility. LADPW inspectors will not be required to provide the Company with advance notice of any inspection. If the LADPW does not find any deficiencies in the Company's grease and oil waste management practices during the first inspection of the Facilities, the Company shall be deemed to have passed the first inspection. Should the LADPW find deficiencies in the Company's grease and oil waste management practices during the first inspection of the Facilities, the Company shall have up to 15 days to correct the deficiencies to the satisfaction of the LADPW at which time, should the deficiencies be corrected, the Company shall be deemed to have passed the first inspection.

6. Within the final sixty days of the Agreement period, the Company's Facilities shall be subject to inspection by the LADPW of its grease and oil waste management practices. LADPW inspectors will not be required to provide the Company with advance notice of any inspection. If the LADPW does not find any deficiencies in the Company's grease and oil waste management practices during the second inspection of the Facilities, the Company shall be deemed to have passed the second inspection. Should the LADPW find deficiencies in the Company's grease and oil waste management practices during the second inspection of the Facilities, the Company shall have up to 15 days to correct the deficiencies to the satisfaction of the LADPW at which time, should the deficiencies be corrected, the Company shall be deemed to have passed the second inspection.

5. Within sixty days of execution of this Agreement, the Company's Facilities located within the Central District of California shall be subject to inspection by the Los Angeles County Department of Public Works ("the LADPW"). The inspections shall be specific to the grease and oil handling practices and compliance (hereinafter, "the grease and oil waste management practices") at each Facility. LADPW inspectors will not be required to provide the Company with advance notice of any inspection. If the LADPW does not find any deficiencies in the Company's grease and oil waste management practices during the first inspection of the Facilities, the Company shall be deemed to have passed the first inspection. Should the LADPW find deficiencies in the Company's grease and oil waste management practices during the first inspection of the Facilities, the Company shall have up to 15 days to correct the deficiencies to the satisfaction of the LADPW at which time, should the deficiencies be corrected, the Company shall be deemed to have passed the first inspection.

6. Within the final sixty days of the Agreement period, the Company's Facilities shall be subject to inspection by the LADPW of its grease and oil waste management practices. LADPW inspectors will not be required to provide the Company with advance notice of any inspection. If the LADPW does not find any deficiencies in the Company's grease and oil waste management practices during the second inspection of the Facilities, the Company shall be deemed to have passed the second inspection. Should the LADPW find deficiencies in the Company's grease and oil waste management practices during the second inspection of the Facilities, the Company shall have up to 15 days to correct the deficiencies to the satisfaction of the LADPW at which time, should the deficiencies be corrected, the Company shall be deemed to have passed the second inspection.

7. The Company agrees to make 10 equal payments, on the 1st of each month, with the first payment being made on the date that this Agreement is fully executed, with the monetary penalty that is being paid over time totaling $26,565.46, as indicated below:

A. $5962.76 as restitution to the Los Angeles County Department of Public Works for costs incurred in responding to, sampling, and analyzing pollutant residues in this matter. Such restitution shall be made over time with 10 partial payments in the form of certified checks or equivalent made payable to the "Los Angeles County Department of Public Works" and referencing "Environmental Programs Division File #028583-040249" and delivered to the USAO.

B. $20,602.70.00 as restitution to the JK Group for costs incurred in responding to and cleaning up hazardous residues in this matter. Such restitution shall be made over time with 10 partial payments in the form of certified checks or equivalent made payable the "JK Group" and delivered to the USAO.

The Company agrees that because the payments listed above are restitution/community service by an organization, it will not seek any reduction in its tax obligations as a result of such restitution or community service payment. The Company further agrees that because these payments shall be made pursuant to this Agreement, it will not characterize, publicize, or refer to the payments as anything other than a community service payments.

8. Should the USAO determine that the Company has committed a willful and material breach of any provision of this Agreement, the USAO shall provide a written notice to the Company of the alleged breach and provide the Company with a two-week period, or longer at the reasonable discretion of the USAO, in which to make a

presentation to the United States Attorney for the USAO to demonstrate that no breach has occurred or, to the extent applicable, that the breach is not willful or material or has been cured. The parties expressly understand and agree that should the Company fail to make a presentation to the United States Attorney for the USAO within such time period, it shall be presumed that the Company is in willful and material breach of this Agreement. The parties further understand and agree that the USAO and United States Attorney's exercise of reasonable discretion under this paragraph is not subject to review in any court or tribunal.

9. The Company agrees that, if the Company's business operations are sold, whether by sale of stock, merger, consolidation, sale of a significant portion of its assets, or other form of business combination, or otherwise undergoes a direct or indirect change of control within the term of this Agreement, the Company shall include in any contract for sale or merger a provision binding the purchaser/successor to the obligations of this Agreement.

10. The Company agrees exclude time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(2) during the Agreement Period. The parties' <u>Stipulation Re: Exclusion of Time in Support of Deferred Prosecution Agreement</u> is attached hereto and incorporated by reference herein as Appendix B.

11. The USAO agrees that if the Company is in full compliance with all of its obligations under this Agreement at the conclusion of its term, the USAO will request that the Court dismiss the underlying information in this matter, <u>United States v. Tacos de Mexico, Inc.</u>, Case No. CR-08-659-FMO, with prejudice.

12. This Agreement is limited to the USAO and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authorities.

13. Except as expressly set forth herein, there are no additional promises, understandings or agreements between the USAO on the one hand, and the Company on the other.

AGREED AND ACCEPTED
UNITED STATES ATTORNEY'S OFFICE FOR THE
CENTRAL DISTRICT OF CALIFORNIA

_____     5/14/09
JOSEPH O. JOHNS                    Date
Assistant United States Attorney Chief, Environmental
Crimes Section

I have read this Agreement, and carefully reviewed every part of it with the attorney for Tacos de Mexico, Inc. I understand it, and I voluntarily agree to it on behalf of Tacos de Mexico, Inc. As the representative of Tacos de Mexico, Inc., I represent that I have authority to act for and on behalf of the corporation. Further I have consulted with the corporation's attorney and fully understand the corporation's rights that may apply to this matter. No other promises or inducements have been made to the corporation, other than those contained in this Agreement. In addition, no one has threatened or forced me or any member of the corporation in any way to enter into this Agreement. Finally, I am satisfied with the representation of the corporation's attorney in this matter.

_____     5/13/09
PATTY SANCHEZ                      Date
Authorized Representative for
Tacos de Mexico, Inc.

1      I am the attorney for Tacos de Mexico, Inc. I have carefully reviewed every part of
2  this Agreement with an authorized representative of the corporation, who to my knowledge
3  has authority to act for and on behalf of the corporation. To my knowledge, the
4  corporation's decision to into this Agreement is an informed and voluntary one.

_____   5/13/09
RICHARD M. STEINGARD   Date
Sheppard, Mullin, Richter & Hampton LLP
Attorneys for Tacos de Mexico, Inc.

**Appendix A**

<u>Factual Statement in Support of Deferred Prosecution Agreement</u>

Between on or about June 1, 2003, and July 17, 2003, employees of Tacos de Mexico, Inc. did negligently discharge pollutants, namely, grease, oil, and food debris, from a point source, namely, the storm drain located at 2521 East Florence Avenue, Huntington Park, California, into navigable waters of the United States, namely, the Los Angeles River, and tributaries thereto, without a permit as required by the federal Clean Water Act, 33 U.S.C. § 1251 et seq.

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JOSEPH O. JOHNS (State Bar No. 144524)
4  Assistant United States Attorney
   Chief, Environmental Crimes Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4536
7       Facsimile: (213) 534-4300
        Email: joseph.johns@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,     )  No. CR-08-659-FMO
                                  )
13             Plaintiff,         )
                                  )  STIPULATION RE: EXCLUSION OF
14       v.                       )  TIME IN SUPPORT OF DEFERRED
                                  )  PROSECUTION AGREEMENT
15  TACOS DE MEXICO, INC.,        )
                                  )
16             Defendant.         )
                                  )
17  _____

18       Plaintiff, United States of America, by and through

19  Assistant United States Attorney ("AUSA") Joseph O. Johns, and

20  defendant TACOS DE MEXICO, INC., by and through its counsel of

21  record, Richard M. Steingard, have agreed in writing to defer

22  prosecution of this matter between the dates of ~~April~~ May 15, 2009

23  and ~~April~~ May 15, 2010, for the purpose of allowing defendant to

24  demonstrate its good conduct. In order to support and execute

25  this deferred prosecution, the parties hereby stipulate and

26  agree that the time from ~~April~~ May 15, 2009 through ~~April~~ May 15,

27  2010, is excludable pursuant to: 18 U.S.C. § 3161(h)(2) as a

28  period of delay during which prosecution is deferred by the

"Appendix B"

1  attorney for the government pursuant to written agreement with
2  the defendant, with the approval of the Court, for the purpose
3  of allowing the defendant to demonstrate its good conduct.

4  DATED: ~~April~~ MAY 14, 2009          Respectfully submitted,

5                                          THOMAS P. O'BRIEN
                                           United States Attorney
6
                                           CHRISTINE C. EWELL
7                                          Assistant United States Attorney
                                           Chief, Criminal Division
8

9                                                  /S/
                                           JOSEPH O. JOHNS
10                                         Assistant United States Attorney
                                           Chief, Environmental Crimes
11                                         Section

12                                         Attorneys for Plaintiff
                                           United States of America
13

14
    DATED: ~~April~~ May 13, 2009         _____
15                                         PATRICIA SANCHEZ
                                           Authorized Representative for
16                                         Tacos de Mexico, Inc.

17
18  DATED: ~~April~~ May 13, 2009         _____
                                           RICHARD M. STEINGARD
19                                         Attorney for Defendant
                                           Tacos de Mexico, Inc.

 

**TACOS MEXICO** *INC.*

*Main Office*
*5120 E. Olympic Blvd., Los Angeles, CA 90022*
*Tel: (323) 266-0482  Fax: (323) 266-1721*

*Since 1975*

### Certificate of Corporate Resolutions

I certify that I am the keeper of the records and minutes of meetings of the Board of Directors of Tacos de Mexico, Inc. (the "Company"), a Company chartered under the laws of the State of California, and that on May 20, 2009, a meeting of the Board of Directors of the Company was held in accordance with law and the by-laws of the Company, that a quorum of directors was present, and the following resolutions were duly and legally passed and have not been revoked, altered or amended:

"**Resolved,** that the form, terms and provisions of the Deferred Prosecution Agreement dated May 15, 2009, and attached hereto as Exhibit A between the United States of America (the "United States") and the Company (the "Agreement") concerning the resolution of the action pending in the United States District Court, Central District of California, United States v. Tacos Mexico, Inc., Case No. CR-08-00659 (the "Action") is hereby in all respects approved and authorized; and that any one of the following persons (each as counsel for the Company through the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Authorized Counsel")) is authorized to execute and deliver in the name and on behalf of the Company, agreements in substantially the form of the Agreement, with such changes therein as the counsel executing the same shall approve, as evidenced by his/her execution thereof: Richard M. Steingard and Michelle Sherman, of Sheppard, Mullin, Richter & Hampton LLP, counsel of record for the Company.

**Resolved Further,** that any one of the Authorized Counsel be, and they hereby are, authorized to appear on behalf of the Company in the Action, and enter pleas, make waivers, and otherwise represent the interests of the Company in the Action which in the opinion of such Authorized Counsel may be necessary or appropriate;


 INC.

Main Office
5120 E. Olympic Blvd., Los Angeles, CA 90022
Tel: (323) 266-0482   Fax: (323) 266-1721

Since 1975

**Resolved Further,** that any one of the Authorized Counsel be, and they hereby are, authorized to execute and deliver any amendment or revision to the Agreement or other document which in the opinion of such Authorized Counsel may be necessary or appropriate;

**Resolved Further,** that any one of the Authorized Counsel be, and they hereby are, authorized to take such action from time to time on behalf of this Company as they may deem necessary, advisable or proper in order to carry out and perform the obligations of this Company under the Agreement and under any other agreements and documents executed and delivered by the Company and/or Authorized Counsel pursuant to or in connection with the Agreement;

**Resolved Further,** that any action heretofore taken by an Authorized Counsel prior to the date hereof that is within the authority conferred herein is ratified, confirmed and approved;**Resolved Further,** that the authority herein given to all of said persons shall remain irrevocable as far as the Authorized Counsel are concerned until the Authorized Counsel are notified in writing of the revocation of such authority, and shall have acknowledged in writing receipt of such notification;

**Resolved Further,** that the Controller of the Company is hereby authorized and directed to make the necessary payments in a timely manner in the amounts due as set forth in the attached Agreement;

**Resolved Further,** that the officers of the Company are, and each acting alone is, hereby authorized to do and perform any and all such acts, including execution of any and all documents and certificates, as said officers shall deem necessary or advisable, to carry out the purposes of the foregoing resolutions and the attached Agreement; and

This Certificate of Corporate Resolutions, executed by the undersigned Officer of the Company, shall be filed in the Minute Book of the Company and become a part of the records of the Company."

DATED AS OF MAY 20, 2009.

_____
Secretary
Patty Sanchez


 **INC.**

*Main Office*
*5120 E. Olympic Blvd., Los Angeles, CA 90022*
*Tel: (323) 266-0482   Fax: (323) 266-1721*

**Since 1975**

## ACKNOWLEDGMENT

State of California
County of Los Angeles)

On May 20, 2009 before me, **HUMBERTO ROMO** _____, personally appeared Patty Sanchez who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> HUMBERTO ROMO
> Commission # 1601100
> Notary Public - California
> Los Angeles County
> My Comm. Expires Sep 12, 2009